# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **M.D., a minor,** ) | |
| **by and through her natural mother,** ) | |
| **CHANITA FULSON** ) | |
|     2304 N. 56th Terrace, ) | |
|     Kansas City, Kansas 66104 ) | **Case No.:** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **NPC QUALITY BURGERS, INC.** ) | |
|     Serve: ) | |
|     Registered Agent ) | |
|     The Corporation Company, Inc. ) | |
|     112 SW 7th Street, Suite 3C ) | |
|     Topeka, Kansas 66603 ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff M.D. (minor) by and through her natural mother Chanita Fulson, and for her Complaint against Defendant NPC Quality Burgers, Inc., states as follows:

1. Plaintiff M.D. is a minor female citizen of the State of Kansas, with her principal residence in Kansas City, Kansas. Plaintiff brings this action by and through her natural mother Chanita Fulson. Ms. Fulson is an adult citizen of the state of Kansas residing at the same address as Plaintiff.

2. Defendant NPC Quality Burgers, Inc., is a Kansas corporation registered to do business and in good standing in the state of Kansas. Defendant owns, manages and operates the Wendy's restaurant in Kansas City, Kansas, where the incidents described herein took place.

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq*., (Title VII), making jurisdiction proper in this court.

4. Venue is proper within this district under 28 U.S.C. § 1391 in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5. Plaintiff was subjected to sex discrimination and sexual harassment in violation of Title VII, 42 U.S.C. § 2000e-2, and unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3 by Defendant.

6. At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer as defined in Title VII.

7. On April 17, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein.

8. Plaintiff received a Notice of Right to Sue, dated July 16, 2018, from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

## COUNT I – SEXUAL HARASSMENT

9. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

10. Plaintiff was employed by Defendant from approximately November 11, 2017, until she was terminated on March 27, 2018 at their Wendy's restaurant at 3647 State Avenue, Kansas City, Kansas.

11. Plaintiff worked as a crew member for Defendant and performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

12. Starting in 2018, Plaintiff was subjected to inappropriate sexual harassment by male employees of the Wendy's restaurant. This conduct included, but is not limited to:

   a. Grabbing Plaintiff's butt;

   b. Grabbing Plaintiff's breasts;

    c.    Trying to forcibly kiss Plaintiff; and

    d.    Trying to follow Plaintiff into the restroom.

13. But for Plaintiff's gender, she would not have been subjected to the sexual harassment described herein.

14. The sexual harassment described in this Complaint was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work performance in violation of Title VII.

15. Defendant had actual knowledge of the harassment but failed to take appropriate remedial action to stop the unlawful conduct.

16. Defendant knew or should have known about the harassment and failed to protect Plaintiff and/or prevent the harassment.

17. Plaintiff took reasonable steps to end the harassment by objecting to the harassment, reporting the harassment to managers and requesting the restaurant managers to stop the harassing conduct. Additionally, Plaintiff personally reported these incidents to a manager who was the supervisor of the store managers approximately one to two weeks prior to her termination.

18. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

19. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for her costs incurred herein, for attorneys' fees, and for such other relief as the Court deems just and proper.

## COUNT II — RETALIATION

20. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

21. Plaintiff engaged in protected activity under Title VII by objecting to the harassment and reporting the sexual harassment described herein to the restaurant managers and their supervisor. After Plaintiff's reports of sexual harassment in the workplace, Defendant, through its employees, took retaliatory action against Plaintiff by disciplining her and terminating her employment, allegedly for having her cash drawer come up short.

22. Defendant's reasons for Plaintiff's termination were pretextual and not the real reason for her termination.

23. Plaintiff's termination was caused by Plaintiff's herein described protected activity and therefore Plaintiff's termination is in violation of Title VII.

24. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

25. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for her costs incurred herein, for attorneys' fees, and for such other relief as the Court deems just and proper.

## COUNT III — SEX DISCRIMINATION

26. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

27. Plaintiff was treated differently than similarly situated male employees when she was unfairly disciplined and terminated for alleged offenses.

28. Plaintiff would not have been terminated but for her gender.

29. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

30. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for her costs incurred herein, for attorneys' fees, and for such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Kansas City, Kansas.

**THORNBERRY BROWN, LLC**

By: /s/ Randall W. Brown
Randall W. Brown          KS# 17905
*randy@thornberrybrown.com*
Stephen C. Thornberry     KS# 17494
s*teve@thornberrybrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF